1   Jon F. Hamilton, SBN# 232559
    **FERGUSON, PRAET & SHERMAN**
2   A Professional Corporation
    1631 East 18th Street
3   Santa Ana, California 92705-7101
    (714) 953-5300 Telephone
4   (714) 953-1143 Facsimile
    jhamilton@law4cops.com
5
    Attorneys for Defendant, City of El Monte
6

7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  MICHAEL PROVIDENTE,              )   NO. CV10-02200 DMG (RZx)
                                     )
12           Plaintiff,              )   **DEFENDANT, CITY OF EL**
                                     )   **MONTE'S NOTICE OF**
13      vs.                          )   **MOTION AND MOTION TO**
                                     )   **DISMISS PLAINTIFF'S**
14  KEN WELDON, individually and in his )  **COMPLAINT PURSUANT TO**
    capacity as Chief of Police; TOM )   **FED. R. CIV. P. 12(b)(4), 12(b)(5)**
15  ARMSTRONG, individually and in his )  **& 12(b)(6)**
    capacity as Assistant Chief of Police; )
16  STEVE SCHUSTER, individually and in )
    his capacity as a Police Captain; CRAIG )  **DATE:      June 28, 2010**
17  SPERRY, individually and in his capacity )  **TIME:      9:30 a.m.**
    as a Police Captain; SANTOS      )   **CTRM:      7**
18  HERNANDEZ, individually and in his )   **JUDGE:     Dolly M. Gee**
    capacity as a Police Lieutenant; MARTY )
19  PENNEY, individually and in his  )   *[Filed concurrently with Request*
    capacity as a Police Lieutenant; )   *for Judicial Notice; Declaration of*
20  Lieutenant ROBERT ROACH,         )   *Jon F. Hamilton; and Defendant,*
    individually and in his capacity as a )  *City of El Monte's Notice of*
21  Police Lieutenant, and DOES 1    )   *Motion and Motion to Dismiss*
    THROUGH 10 INCLUSIVE,            )   *Unserved Defendants Pursuant to*
22                                   )   *F.R.C.P. 4(m) & 12(b)(5) in*
             Defendants.             )   *Providente v. El Monte (Case No.*
23                                   )   *CV09-3327 DMG (JCx))]*
    _____ )
24

25  TO PLAINTIFF AND HIS COUNSEL OF RECORD:

26          Please take notice, and notice is hereby given, that Defendant, City of El Monte

27  and specially appearing for all individually named defendants will, and hereby do,

28  move to dismiss the Complaint against them pursuant to F. R. Civ. P. Rule 12(b)(4),

─────────────────────────────────────────

12(b)(5), and 12(b)(6).  The motion will be heard by this Court at its customary location on June 28, 2010, at 9:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 7 in the United States District Court located at 312 N. Spring Street, Los Angeles, California 90012, before the Honorable Dolly M. Gee.

Counsel for Plaintiff and Defendant, City of El Monte complied with Local Rule 7-3 before the filing of this motion.

Dated: May 20, 2010                              Respectfully submitted,


                                                 FERGUSON, PRAET & SHERMAN
                                                 A Professional Corporation


                             By:        /s/ Jon F. Hamilton
                                                 Jon F. Hamilton
                                                 Attorneys for Defendant, City of El Monte

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -ii-

MEMORANDUM OF POINTS AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . 1

    1.    PREFACE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    2.    ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

           A.    Because The Individually Named Defendants Are Still Subject To The Jurisdiction Of This Court In The Original Lawsuit, This New Lawsuit Should Be Dismissed For Insufficient Process And/Or Insufficient Service Of Process.. . . . . . . . . . . . . . . . . . . . . . . 3

           B.    The Complaint Must Be Dismissed Because The Causes Of Action Against The Individual Defendants Are Time Barred As A Result Of The Applicable Statute Of Limitations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

                (1)    Craig Sperry. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

                (2)    Marty Penney. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

                (3)    Santos Hernendez.. . . . . . . . . . . . . . . . . . . . . . . . . . . 10

                (4)    Robert Roach. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

                (5)    Steve Schuster. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

                (6)    Ken Weldon. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

                (7)    Tom Armstrong. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

3.    CONCLUSION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

1

# TABLE OF AUTHORITIES

2

3   ## CASES

4

5   *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit* (1993)
    507 U.S. 163. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

6   *Adams v. Moreland* (9th Cir. 2007)
7   487 F.3d 684 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

8   *Bell Atl. Corp. v. Twombly* (2007)
    127 S.Ct. 1955. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

9   *Broam v. Bogan* (2003)
10  320 F.3d 1023. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

11  *Erickson v. Pardus* (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    551 U.S. 89

12  *Goldman v. Standard Ins. Co.* (9th Cir. 2003)
13  341 F.3d 1023. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

14  *Jones v. Blanas* (9th Cir. 2004)
    393 F.3d 918. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

15  *Norco Construction, Inc. v. King County* (9th Cir. 1986)
16  801 F.2d 1143. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

17  *Pickern v. Holiday Quality Foods* (9th Cir. 2002)
    293 F.3d 1133. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

18  *Russ v. Standard Ins. Co.* (9th Cir. 1977)
19  120 F.3d 988. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

20  *Trotter v. Int'l Longshoremen's & Warehousemen's Union* (9th Cir. 1983)
    704 F.2d 1141. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

21  *United Sates v. Haytian Republic* (1894)
22  154 U.S. 118. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

23  *Walton v. Eaton Corp.* (3d Cir. 1977)
    563 F.2d 66. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

24

25  Statutes

26      Civil Code

27          Section 51. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Code of Civil Procedure

    Section 335.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Government Code

    Section 945.6(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Labor Code

    Section 1101. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

    Section 1102. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

    Section 1102.5. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

Federal Rules of Civil Procedure

    Rule 4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    Rule 4(m). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

    Rule 8(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    Section 12(b)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

    Section 12(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

    Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7

    Rule 16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Other

    5 C. Wright & A. Miller, Federal Practice and Procedure § 1216
     pp. 235-36 (3d ed. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.  PREFACE.

On May 11, 2009, Plaintiff, Michael Providente, filed the original Complaint (*Providente v. City of El Monte*, Case No. CV09-3327 DMG (JCx)), which the Plaintiff has identified as a 'related' action but, pursuant to FRCP 4(m), he had 120 days from that date to served all the named defendants.  As of the date of the filing of this Motion to Dismiss, only the Defendant City of El Monte has been served in the *Providente v. City of El Monte* matter.  All of the individually named defendants, Ken Weldon, Tom Armstrong, Steve Schuster, Craig Sperry, Santos Hernandez, Marty Penney and Robert Roach, were never served.

Instead of filing a motion with this Court in the *Providente v. City of El Monte* matter requesting an extension through a demonstration of 'good cause' to the 120-day rule, the Plaintiff elected to file a new lawsuit in an apparent effort to circumvent the rules of the court.  While the Plaintiff calls this new matter a 'related' lawsuit, it is simply a 'duplicate' lawsuit.  The individuals named in the new 'related' lawsuit are identical to those identified in the *Providente v. City of El Monte* matter.  In fact, as of the date of this Motion to Dismiss, all of the individually named defendants, Ken Weldon, Tom Armstrong, Steve Schuster, Craig Sperry, Santos Hernandez, Marty Penney and Robert Roach, are still named defendants in the original matter.[1]

Regardless, those individuals are still subject to the jurisdiction of this court in that original matter.  Therefore, in order for those individually named defendants to be properly served, the plaintiff needed to come to this court and

---

[1] Filed concurrently with this motion is a Motion to Dismiss pursuant to Fed. R. Civ. P. 4(m) in the *Providente v. City of El Monte*, CV09-3327 DMG (Jcx).  That motion seeks to have these individually named defendants dismissed because it has been over a year since the lawsuit was filed and these individually named defendants have yet to be served in that matter.

seek an extension to effectuate service rather than file a lawsuit that is about 99%
word-for-word identical to the original matter and contains the exact same
individually named defendants.  Therefore, these individually named defendants
were not properly served.

In the alternative, if this Court were to permit the new lawsuit to go forward
as a 'related' matter, the Plaintiff would be time barred from prosecuting any of
the causes of action against these individuals since more than two-years have
passed.  Therefore and in the alternative, the individually named defendants
should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6)

While it may be somewhat unusual, this motion is filed concurrently with a
Motion to Dismiss in the *Providente v. City of El Monte* matter since both motions
relate to the same topic: Whether the individually named defendants are to be
dismissed.  The Defendant City of El Monte brings these motions together for the
just, speedy, and inexpensive determination of every action and proceeding
pursuant to FRCP 1.

Through this present motion as well as the Motion to Dismiss in *Providente
v. City of El Monte*, the Defendant City of El Monte seeks to have all individually
named defendants dismissed with prejudice.

## 2.    **ARGUMENT.**

The Defendant, City of El Monte, and the individually named defendants
seek to have this Complaint dismissed pursuant to Fed. R. Civ. P. 12(b)(4) and
12(b)(5) because the Plaintiff is trying to circumvent the clear rules of this Court
and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to meet the statute of
limitations.

///

///

///

///

---

A.    **Because The Individually Named Defendants Are Still Subject To The Jurisdiction Of This Court In The Original Lawsuit, This New Lawsuit Should Be Dismissed For Insufficient Process And/Or Insufficient Service Of Process.**

On May 9, 2009, the Plaintiff filed a Complaint for Damages in the matter, *Providente v. City of El Monte*, Case No. CV09-3327 DMG (Jcx). (See Exhibit A attached hereto, Complaint for Damages). In that Complaint for Damages, Ken Weldon, Tom Armstrong, Steve Schuster, Craig Sperry, Santos Hernandez, Marty Penney and Robert Roach are all named as individual defendants as well as the City of El Monte. However, the individually named defendants were never properly served as of the date of this motion.

Pursuant to Fed. R. Civ. P. 4(m), Plaintiff was required to served defendants withing 120 days from the date of the complaint was filed, or September 9, 2009. Plaintiff missed that deadline and, if he were to serve the individually named defendants, who are yet unserved, on today's date, May 20, 2010, he would be about 270 days past that deadline of September 9, 2009. Specifically, Fed. R. Civ. P. 4(m) states:

> "If a defendant is not served within 120 days after the complaint is filed, the court - on motion or its own after notice to the plaintiff - *must* dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)." (Emphasis added).

However, using Fed. R. Civ. P. 4(m) as guidance, the individually named defendants from the original matter have not yet been dismissed since the court has not noticed the plaintiff of the dismissal of these defendants and the City of El Monte's related motion to dismiss is to be determined on the same date that this motion to considered.

Therefore, the proper way for these individually named defendants to be served would be for the plaintiff to demonstrate good cause as to why time for

service beyond the 120-day rule should be given.  In an effort to circumvent these rules of court, on March 25, 2010, the plaintiff filed a new lawsuit and labeled it as 'related'.(See Exhibit "B", New Complaint).  However, they are merely duplicate matters.  The plaintiff has merely attempted to put a wolf in sheep's clothing to see if anyone would notice.

On September 3, 2009, the plaintiff filed a First Amended Complaint in the original matter, which is the operative complaint in that case.  (See Exhibit "C", First Amended Complaint).  When one compares the two operative complaints from the two different cases, it is easy to see that they are duplicate.  For example, in the New Complaint caption, all that is removed is the City of El Monte.  There are no new defendants named whatsoever.  Perhaps this is an attempt by the Plaintiff to amend his complaint but, then again, that would also require a motion pursuant to Fed. R. Civ. P. 16 with a showing of good cause since the last day to amend the complaint or add parties was December 16, 2009. In both the Complaint (attached hereto as Exhibit "B") in this present action and in the First Amended Complaint in *Providente v. El Monte* (attached hereto as Exhibit "C"), the following paragraphs are identical: 1, 2, 3, 4, 5, 6, the first sentence of 7, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32,33, 34, 35 (except for the language: "CITY of EL MONTE/THE DEPARTMENT"), 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, and 82.

The new lawsuit omits a cause of action for California Labor Code §§ 1101, 1102, and 1102.5; however, the language in the causes of action in the new lawsuit are nevertheless identical.  In the present Claim for Damages (*Providente v. Weldon)* ¶¶83-126 directly correspond to ¶¶91-134 in the Amended Claim for Damages (*Providente v. City of El Monte*) word-for-word.

///

1   Perhaps had the individual defendants been first dismissed from the original
2   lawsuit without prejudice would there potentially be a means to re-file against the
3   individuals in a related matter.  However, that is not the case here.  Fed. R. Civ. P.
4   12(b)(4) and 12(b)(5) permit the dismissal of action for insufficiency of service
5   and insufficiency of service of process.  For service to be sufficient, it would need
6   to comply with Fed. R. Civ. P. 4 and the 120-day rule of 4(m).  Because these
7   individually named defendants are still subject to the jurisdiction of the Court in
8   the original matter, for the plaintiff to serve them in a new, but identical, lawsuit is
9   improper since it is clear that the plaintiff chose this route fearing that the court
10  would not excuse the failure to comply with 120-day rule.  The only proper means
11  of service would be for the plaintiff to demonstrate good cause to have the 120-
12  day time limit for service extended.

13  Providente clearly filed this present lawsuit in an attempt to avoid the
14  consequences of his own delay to circumvent the possibility that this Court would
15  have dismissed the individually named defendants.  With regard to duplicative
16  cases, plaintiffs generally have "no right to maintain two separate actions
17  involving the same subject matter at the same time in teh same court and against
18  the same defendants."  *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en
19  banc), cited with approval in *Russ v. Standard Ins. Co.*, 120 F.3d 988, 990 (9th Cir.
20  1977).

21  To determine whether a suit is duplicative, one must look to the test for
22  claim preclusion.  As the Supreme Court sated in *United Sates v. Haytian*
23  *Republic*, "the true test of the sufficiency of a plea of 'other suit pending' in
24  another forum [i]s the legal efficacy of the first suit, when finally disposed of, as
25  'the thing adjudged,' regarding the matters at issue in the second suit."  154 U.S.
26  118, (1894).  Thus, in assession whether the second action is duplicative of the
27  first, one must examine whether the causes of action and relief sought, as well as
28  the parties or privies to the action are the same.  *The Haytian Republic*, 154 U.S. at

---

124 (See also, *Adams v. Moreland*, 487 F.3d 684, 689 (9th Cir. 2007).

In this present action, the causes of action are identical except for the Claim for Damages exludes a cause of action for <u>California Labor Code</u> §§ 1101, 1102, and 1102.5; however, it contains all other causes of action that the Amended Claim for Damages in *Providente v. City of El Monte* contains.  The facts to support those causes of action are word-for-word identical as are the parties named in both actions.  Here, it is clear that the two actions share a common transaction nucleus of facts.

The only difference between the two separate lawsuits as to the identification of the defendants is that in the second action (*Providente v. Weldon*), the City of El Monte is not named because it has been served properly in the first lawsuit.  In the *Adams v. Moreland* matter, the court was faced with a similar situation as is now presented before this Court.  In response, the district court dismissed the second lawsuit with prejudice and the *Adams* court upheld such a decision because "dismissal... promotes judicial economy..." and "...protect[s] the parties from vexatious and expensive litigation and to serve the societal interest in bringing an end to disputes."  *Adams v. Moreland*, 487 F.3d at 692-693.  The *Adams* court also indicated that the plaintiff had "...a full and fair opportunity to raise and litigate in her first action the claims she now asserts in this action."  *Id.* Such is the case here.  In both *Adams* and the present matter, the plaintiffs have sought to circumvent the court's rules by filing a duplicative case.  In *Adams* that duplicative lawsuit was dismissed with prejudice and the Defendants now request that the second lawsuit, *Providente v. Weldon*, also be dismissed with prejudice.

**B.     The Complaint Must Be Dismissed Because The Causes Of Action Against The Individual Defendants Are Time Barred As A Result Of The Applicable Statute Of Limitations.**

The Plaintiff filed this present action on March 25, 2010 against the following individuals:  Ken Weldon, Tom Armstrong, Steve Schuster, Craig

Sperry, Santos Hernandez, Marty Penney and Robert Roach.  As is discussed below, the Plaintiff had two years from the accrual of his cause of action to file a lawsuit and, as demonstrated below, each one of the individually named defendants falls outside of that statute of limitations.

Under Rule 12(b)(6), a party may move to dismiss a claim if the claimant fails to state a claim upon which relief can be granted.  In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Nevertheless, even though a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (internal citations omitted).  Rather, the complaint must allege sufficient facts to raise a right to relief above the speculative level.  *Id.* (Citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).  Importantly, though, "[s]pecific facts are not necessary; the statement need only give the defendants fair notice of what the ... claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

In deciding a 12(b)(6) motion, a court must accept all factual allegations in the complaint as true, *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993), and must also construe all reasonable inference in the light most favorable to the plaintiff.  See *Broam v. Bogan* (2003), 320 F.3d 1023, 1028.

In this matter, the all defendants move to dismiss each one of the individuals from the matter because the Plaintiff failed to meet the statute of limitations.  In all circumstances, the statute of limitations is two-years on the causes of action

brought against these individuals.  The plaintiff brings an American with Disabilities Act (ADA) claim, a 42 U.S.C. § 1983 claim and various state claims against the individual defendants.

The ADA does not contain a statute of limitations.  *Pickern v. Holiday Quality Foods*, 293 F.3d 1133, 1137 n.2 (9th Cir. 2002).  Consequently, the Court must apply the statute of limitatons of the most analogous state law.  *Id*.  To date, the Ninth Circuit has never determined which of California's law is most analogous to the ADA.  It has, however, observed in dicta that most district courts have applied California's limitations period for personal injury actions to federal disability discrimination claims brought in California.  *Id*.  However, it has also discussed at length the significant similarity between the ADA and the Unruh Act, Cal. Civ. Code § 51.  See *Goldman v. Standard Ins. Co.*, 341 F.3d 1023, 1029-32 (9th Cir. 2003).  While there has been a split in the lower courts as to whether strictly apply the two year statute of limitation or whether a complicated statute of limitation scheme of the Unruh Act should apply.  However, in circumstances where the cause of action is brought against a public entity, the statutes are very clear as to when it will waive sovereign immunity and how long that statute of limitations will be.

Pursuant to California Government Code § 945.6(a)(2), a cause of action against a public entity must be brought "...within two years from the accrual of the cause of action..."  That time period could be shorter depending on whether the public entity properly responded to a tort claim filed with the public entity.  In any event, the statute of limitations against a public entity is clearly two years.

As for the statute of limitations for a 42 U.S.C. § 1983 claim, "[f]or actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law."  *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (citation

omitted).  California's statute of limitations for personal injury actions is two years.  California Code of Civil Procedure § 335.1.  However, while state law governs the substantive limitation period, federal law determines when a civil rights action accrues and, therefore, when the statute of limitations begins to run.  *Norco Construction, Inc. v. King County*, 801 F.2d 1143, 1145 (9th Cir. 1986).  Under federal law, a federal claim accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action."  *Id.* (quoting *Trotter v. Int'l Longshoremen's & Warehousemen's Union*, 704 F.2d 1141, 1143 (9th Cir. 1983).

Therefore, for all causes of action brought against the individual defendants, they must have been brought within the two year statute of limitations.  As outlined below, the plaintiff's causes of action against all of the named defendants is untimely.  While the Complaint if heavily fact laden with incidents occurring as far back as 1997, the best way to evaluate the statute of limitations as to each individually named defendant is to look in the Complaint as to the last action the Plaintiff alleges each individual took against him.  Therefore, the evaluation of each defendant is organized from the one most distant in time to the one most recent.

### (1)    Craig Sperry

The Plaintiff's complaint about Craig Sperry concerns an April 13, 2006 incident wherein the Plaintiff was acting as Watch Commander and received a report of a city employee had allegedly sexually assaulted a fifteen-year old girl. (See ¶ 42).  According to the complaint, the Plaintiff was told to sweep the incident under the rug and not file a report against this city employee.  (¶ 42).  When the Plaintiff filed the report, he claims that on April 17, 2006 Craig Sperry, a superior officer, contacted him at his home and demanded that he explain why he had filed the crime report. (See ¶ 45).  At not time after that incident does the Plaintiff allege any wrong doing from Craig Sperry.

///

1   Since April 17, 2006 was the last act that the Plaintiff alleges that Craig
2   Sperry took against him and, of course, assuming that there is an articulable claim
3   here, any of the alleged causes of action must have been brought against Craig
4   Sperry no later than April 17, 2008.  This present lawsuit was filed almost three
5   years after that date and, accordingly, Craig Sperry must be dismissed because any
6   cause of action against him is time barred.

7                       **(2)     Marty Penney**

8   In the Plaintiff's Complaint concerning Marty Penney, the facts giving rise
9   to any cause of action against him also relate to the same report that he took as
10  discussed above concerning Craig Sperry.  According to the Plaintiff, it was Marty
11  Penney that approached him on April 13, 2006 and asked him to sweep the
12  allegation of sexual misconduct concerning a City employee under the rug. (See ¶
13  42).  The Plaintiff asserts that it was Marty Penney that told him not to file the
14  appropriate crime report.  At no time after that incident does the Plaintiff allege
15  any wrong doing from Marty Penney.

16  Since April 13, 2006 was the last act that the Plaintiff alleges that Marty
17  Penney took against him and, of course, assuming that there is an articulable claim
18  here, any of the alleged causes of action must have been brought against Marty
19  Penney no later than April 13, 2008.  This present lawsuit was filed almost three
20  years after that date and, accordingly, Marty Penney must be dismissed because
21  any cause of action against him is time barred.

22                       **(3)     Santos Hernendez**

23  In the Plaintiff's Complaint concerning Santos Hernendez, the facts giving
24  rise to any cause of action against him relate to a 'baseless Internal Affairs
25  investigation' initiated by Santos Hernandez in April 2007.  (See ¶ 57).  While this
26  is when the Plaintiff alleges that the investigation started, even if the investigation
27  lasted through the summer of 2007, it was in September 2007 that the Plaintiff was
28  asked to surrender his department-issued cell phone and that he was placed on

administrative leave.  (See ¶¶ 59-60).  Assuming that Santos Hernandez was involved up and until that time, September 2007, Mr. Hernandez is not mentioned again in the Complaint.

Since September 2007 may have been the last act that the Plaintiff alleges that Santos Hernandez took against him, any cause of action brought against Mr. Hernandez would have had to be brought no later than September 2009.  The Plaintiff filed this present action almost six months beyond that date.  Accordingly, all causes of action must be dismissed against Santos Hernandez for being time barred.

### (4)    Robert Roach

In the Plaintiff's Complaint, the last act that the Plaintiff asserts that Robert Roach did that would give rise to any cause(s) of action against him was on September 10, 2007 when Mr. Roach ordered the Plaintiff to surrender his Department issued cell phone and then informed the Plaintiff that he was the focus of an upcoming Internal Affairs investigation, that his locker would be searched and that Mr. Roach refused to discuss any further details of the investigation with the Plaintiff.  (See ¶ 59).  At no time after that incident does the Plaintiff allege any wrong doing from Robert Roach.

Since September 10, 2007 was the last act that the Plaintiff alleges that Robert Roach took against him and, of course, assuming that there is an articulable claim here, any of the alleged causes of action must have been brought against Robert Roach no later than September 10, 2009.   This present lawsuit was filed six months after that date and, accordingly, Robert Roach must be dismissed because any cause of action against him is time barred.

### (5)    Steve Schuster

In the Plaintiff's Complaint, the last act that he alleges against Steve Schuster is that on September 13, 2007, after a meeting that the Plaintiff had with Robert Roach and Steve Schuster, he was placed on administrative leave.  (See ¶

60).  The Plaintiff then asserts that Steve Schuster would not tell him the nature of the Internal Affairs investigation against him or why his locker would be searched. (¶ 60).  At no time after this incident does the Plaintiff allege any wrong doing from Steve Schuster.

Since September 13, 2007 was the last act that the Plaintiff alleges that Steve Schuster took against him and, of course, assuming that there is an articulable claim here, any of the alleged causes of action must have been brought against Steve Schuster no later than September 13, 2009.   This present lawsuit was filed six months after that date and, accordingly, Steve Schuster must be dismissed because any cause of action against him is time barred.

### (6)   Ken Weldon

In the Plaintiff's Complaint, the last act alleged by Ken Weldon is on February 6, 2008, when the Plaintiff was given a letter of "Intent to Terminate" with all the materials that the Department would rely upon in supporting the decision to terminate him.  (See ¶ 63).  However, the Plaintiff did not believe he received all of the necessary materials and he asked Ken Weldon to look into whether he got everything, which Mr. Weldon agreed to do.  (¶ 63).  This is hardly an act that would support any cause of action but, nevertheless, after the February 6, 2008 contact with Mr. Weldon, there are no additional facts concerning Mr. Weldon.

Since February 6, 2008 was the last act that the Plaintiff alleges that Ken Weldon took against him and, of course, assuming that there is an articulable claim here, any of the alleged causes of action must have been brought against Ken Weldon no later than February 6, 2010  This present lawsuit was filed almost two months after that date and, accordingly, Ken Weldon must be dismissed because any cause of action against him is time barred.

///

///

**(7)    Tom Armstrong**

In the Plaintiff's Complaint, the Plaintiff alleges that, "[o]n or about March 26, 2008, after Plaintiff had accepted CITY's officer of medical retirement, ARMSTRONG informed Plaintiff that the medical retirement process was "...too lengthy and may take six to nine months." Armstrong purported to rescind CITY's offer and told Plaintiff DEPARTMENT would proceed with his termination unless Plaintiff resigned. Plaintiff refused to resign." (See ¶ 68). After this point, Tom Armstrong does not appear again in the body of the complaint; however, it was actually in November 2007 that the Plaintiff was informed of the actions against him by the department, which he identified as "baseless and retaliatory charges against him." (See ¶ 61).

In the March 26, 2008 conversation that Tom Armstrong had with the Plaintiff, he is alleged to be a messenger for the City of El Monte to inform the Plaintiff that the City will no longer offer him a disability retirement. There is nothing in the March 26, 2008 conversation to suggest that Tom Armstrong was anything more than the City official selected to inform the Plaintiff that he must resign.

Just prior to that March 26, 2008 conversation, the Plaintiff does allege that, on or about March 14, 2008, Tom Armstrong informed Plaintiff of the decision to permit him to medically retire. (See ¶ 67). During this conversation, Tom Armstrong apparently states that, "[t]he medical retirement was not my idea and was offered by Weldon. I would have pursued the recommendation of Internal Affairs and proceed with termination." (See ¶ 67). Important here is that Tom Armstrong and the plaintiff acknowledge that the decisions being made as to whether to hire, fire or retire the plaintiff is not one that Mr. Armstrong can make. The only thing it is alleged he can offer is his own opinion about the plaintiff.

Therefore, it appears that the last act which the plaintiff could assert as giving rise to supporting any of the causes of action against Tom Armstrong

would be on March 14, 2008.  Accordingly, the plaintiff would have had to file any cause of action against Tom Armstrong no later than March 14, 2010.  The present complaint was filed about two weeks later.

3.  **CONCLUSION.**

Because the Plaintiff's ADA Cause of Action and his Civil Rights Act Cause of Action are time barred, it is respectfully requested that these two causes of action be dismissed with prejudice.  Because the remaining causes of action arise under state law, it is respectfully requested that the Court decline to exercise supplemental jurisdiction over these claims and dismiss the remaining causes of action.

Dated: May 20, 2010                     Respectfully submitted,

                                        FERGUSON, PRAET & SHERMAN
                                        A Professional Corporation

                            By:         /s/ Jon F. Hamilton
                                        Jon F. Hamilton
                                        Attorneys for Defendant, City of El Monte

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

      I, Cathy Sherman, employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action.  My business address is 1631 East 18th Street, Santa Ana, California  92705-7101.

      On May 20, 2010, served the **DEFENDANT, CITY OF EL MONTE'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(4), 12(b)(5) & 12(b)(6)** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

**Rana M. Kawar**
**LACKIE, DAMMEIER & McGILL, APC**
**367 North Second Avenue**
**Upland, California 91786**
**Phone 909-985-4003**
**Fax 909-985-3299**
**Email rkawar@bjslawfirm.com**

\_\_\_    (By Mail)  I placed such envelope for deposit in accordance with office practice, sealed, with postage thereon fully paid and the correspondence to be deposited in the United States mail at Santa Ana, California on the same day.

XXX    (By e-filing) The above noted individuals are registered with the Court to receive notice of electronically filed documents. Per ECF rules, hard copies must be served only on parties who are not set up for electronic notification.

\_\_\_    (By Personal Service) I caused such envelope to be delivered by hand to the office of the addressee.

\_\_\_    (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

XXX    (Federal)  I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 20, 2010, at Santa Ana, California.

/s/ C. Sherman
Cathy Sherman