1 Dieter C. Dammeier    SBN 188759
  Michael A. McGill, Esq.  SBN 231613
2 Carolina Veronica Diaz   SBN 263301
  LACKIE, DAMMEIER & MCGILL APC
3 367 North Second Avenue
4 Upland, California 91786
  Telephone:   (909) 985-4003
5 Facsimile:   (909) 985-3299

6 Attorneys for Plaintiff
  MICHAEL PROVIDENTE
7

8               UNITED STATES DISTRICT COURT
9        CENTRAL DISTRICT OF CALIFORNIA - EL MONTE

10 MICHAEL PROVIDENTE,                 CASE NO.: CV10-02200 DMG (RZx)
11                    Plaintiff,
12          vs.                        **PLAINTIFF'S OPPOSITION TO THE
                                       CITY OF EL MONTE'S MOTION TO
13 KEN WELDON, individually and in     DISMISS PLAINTIFF'S COMPLAINT
   his capacity as Chief of Police; TOM PURSUANT TO FED.R.CIV.P 12(b)(4),
14 ARMSTRONG, individually and in      12(b)(5) & 12(b)(6)**
   his capacity as the Assistant Chief of
15 Police; STEVE SCHUSTER,
   individually and in his capacity as a DATE: JUNE 28, 2010
16 Police Captain; CRAIG SPERRY,       TIME: 9:30 A.M.
   individually and in his capacity as a CRTRM: 7
17 Police Captain; SANTOS              JUDGE: DOLLY M. GEE
   HERNANDEZ, individually and in
18 his capacity as a Police Lieutenant;
   MARTY PENNEY, individually and
19 in his capacity as a Police
   Lieutenant; Lieutenant ROBERT
20 ROACH, , individually and in his
   capacity as a Police Lieutenant and
21 ROES 1 THROUGH 10
   INCLUSIVE;
22

23                    Defendants
24 _____

25 ///
26 ///
27 ///
28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff MICHAEL PROVIDENTE (hereinafter "Plaintiff") hereby responds to Defendant, CITY OF EL MONTE'S, (hereinafter "Defendant(s)") Motion to Dismiss for failure pursuant to Federal Rule of Civil Procedure 12(b)(4), 12(b)(5) AND 12(b)(6). Defendants' motion should be denied because Plaintiff's Complaint was sufficiently served on all appropriate parties and the Complaint is sufficiently specific to apprise Defendants of the substance of the claims being asserted. Also, Plaintiffs claim is not time-barred.

Further, Defendants' motion should be denied because Defendants seek to have the Court require Plaintiff to spell out every possible detail of his claims in the pleading stage of this action. This amounts to dilatory conduct by Defendants. Plaintiff's Complaint is sufficient pursuant to the requirements of Federal Rule of Civil Procedure 8. However, if the Court is inclined to grant Defendants' motion, Plaintiff respectfully requests an opportunity to amend his Complaint.

### II.   STANDARD OF REVIEW

The federal rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A motion to dismiss, pursuant to Rule 12(b)(4) and (5) permit the dismissal of an action for insufficiency of service  and insufficiency of service of process. A motion to dismiss, pursuant to Rule 12(b)(6), tests the legal sufficiency of the claims stated in the complaint. It "is viewed with disfavor and is rarely granted." *Gilligan v. Jamco Develop. Corp.*, 108 F. 3d 246, 249 (9th Cir. 1997). Indeed, dismissal under Rule 12(b)(6) is proper only in "extraordinary" cases. *United States v. White*, 893 F. Supp. 1423, 1428 (C.D. Cal. 1995) (quoting *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981)).

In reviewing a Rule 12(b)(6) motion, the Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them.  *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).  A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder."  *Id*. at n.8.  With ambiguous inferences, the Court must adopt whichever inference supports a valid claim.  *Columbia Natural Resources, Inc. v. Tatum*, 58 F. 3d 1101, 1109 (6th Cir. 1995).

If dismissal is granted, leave to amend is "only denied if it is clear that amendment would be futile and 'that deficiencies of the complaint could not be cured by amendment'."  *Lilley v. Charren*, 936 F. Supp. 708, 713 (N.D. Cal. 1996), (quoting *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.1980) (per curiam)).

### III.   LEGAL ARGUMENT

#### A. PLAINTIFF HAS PROPERLY SERVED DEFENDANTS WITH THE COMPLAINT

Defendants ask the Court to dismiss this lawsuit for insufficient service of process.  However, in the instant action, which was filed on March 25, 2010, there exists no issue as to service of process. All individual Defendants were served with the Summons and Complaint on March 30,2010.

Furthermore, Defendants assertion that Plaintiffs complaint is duplicative -- is unsupported by case law. Plaintiff's lawsuit is different from that of *Providente vs. City of El Monte* Case No. CV09-3327 DMG because it contains different

1   causes of action (less than that against the City). While the underlying facts are
2   similarly related, the case is not duplicative and should not be dismissed.

3       Defendant cites to two cases regarding duplicative cases, stating that
4   "plaintiffs generally have no right to maintain two separate actions involving the
5   same subject matter at the same time in the same court and against the same
6   Defendants": *Walton v. Eaton Corp* (3rd Cir. 1977) 563 F.2d 66, 70 and *Russ v.*
7   *Standard Insurance Co,* (9th Cir. 1977) 120 F.3d 988,990.  However, both of these
8   cases do nothing to support Defendants claims, and in fact, these cases deal with
9   allowing leave to discontinue to cure an *untimely demand for a jury trial.*  First,
10  Plaintiff is not asking the Court for dismissal in order to cure an untimely demand
11  for jury trial. Second, *Walton*  might actually favor Plaintiffs claim whereby the
12  Court held that "consolidating two substantially identical complaints causes no
13  harm ...provided that that the district court insures that Plaintiff did not use the
14  incorrect  procedure  of  filing  duplicative  complaints  for  the  purpose  of
15  circumventing the rules pertaining to *..demand for trial by jury*". *Id* at 71.

16      Here, Plaintiff brings a new complaint against different parties. Plaintiff has
17  served the individual Defendants with the new Complaint and as such, has satisfied
18  any service of process issues. As such, Defendants Motion to Dismiss should be
19  dismissed. However, if the Court disagrees, Plaintiff requests leave to amend.

20      **B. <u>PLAINTIFFS CLAIMS ARE NOT TIME-BARRED</u>**

21      Defendants Motion to Dismiss claims that the causes of action against the
22  individual Defendants are time barred as a result of the statute of limitations.
23  However, where the running of the statute cannot be determined from the face of
24  the complaint, a motion for summary judgment is the proper procedure. See
25  *Supermail Cargo, Inc. v. United States* (9th Cir. 1995) 68 F3d 1204, 1206; and
26  *AVCO Corp. v. Precision Air Parts, Inc* (11th Cir. 1982) 676 F2d 494,495.
27  **Moreover, the fact that dates alleged in the Complaint are beyond the**
28  **statutory period is not enough to support a Rule 12(b) (6) dismissal. Dismissal**

1    can be granted "only if the assertions of the complaint, read with the required

2    liberality, would not permit the plaintiff to prove that the statute has been

3    tolled". *Cervantes v. City of San Diego* (9th Cir. 1993) F 3d 1273,1275. Here,

4    Defendants have brought an improper motion to dismiss for an issue that can only

5    be decided on summary judgment. Also, Plaintiff has pled sufficient facts to

6    overcome any statute of limitations issues. Therefore, Defendants motion to

7    dismiss must be denied.

8    **1. Plaintiff's Claims are Within the Two-Year Statute of Limitations**

9    Plaintiffs complaint alleges the following against all Defendants: 1.

10   Violation of Ralph Civil Rights Act Cal. Code Section 51.7; 2. Violations of Bane

11   Act Cal. Civil Code 52.1; 3. Union Busting: Cal Govt Code 3302,3309.5, 3502,

12   3506, 3508; 4. Free Speech Violation Cal Constitution Article I; 5. 42 USC 1201;

13   Americans with Disabilities Act; 6. Civil Rights and Free Speech 42 USC 1983.

14   Plaintiffs Complaint also alleges that each individual Defendant was acting

15   "individually and within the course and scope of [their employment]" ; "under

16   color of state law, within the course and scope of his employment, and as an

17   official policy-maker for the City" and that each Defendant was a "City

18   Department Head, Manager, or Supervisor" and that they are "vested with policy-

19   making authority over actions such as the ones at issue herein" [See Complaint,

20   Pages 3 to 7]. Ken Weldon- acting as a Chief of Police, Tom Armstrong- acting as

21   Assistant Chief of Police; Steve Schuster acting as Police Captain; Craig Sperry

22   acting as Police Captain; Santos Hernandez acting as Police Lieutenant; Marty

23   Penny acting as Police Lieutenant; and Robert Roach acting as Police Lieutenant --

24   - all Defendants participated in the termination of Plaintiff on April 15, 2008

25   [Complaint, Page 15]. Moreover, Plaintiff asserts that he has submitted two tort

26   claims- of which the Defendants have not responded to (in March and April of

27   2008) [Complaint, Page 15].

28

1    In order to create a general sense of the discrimination and harassment that
2    has taken place against Plaintiff, Plaintiff recited factual history as far back as 1997
3    in his Complaint against Defendants. However, the important factual recitation
4    begins in April 2009- the time when Plaintiff was terminated. A statute begins to
5    run when Plaintiff "knows or has reason to know of the injury which is the basis of
6    the action" *Norco Construction, Inc. King County,* (9th Cir.1986) 801 F 2d. 1143,
7    1145. Under federal law, the limitations period commences with notice. A cause of
8    action generally accrues when a plaintiff knows or has reason to know the injury of
9    which is the basis of his her action.   In a discrimination action, the limitations
10   period is triggered by the decision constituting the discriminatory act. *Delaware*
11   *State College v. Ricks* (1980) 449 U.S. 257-258. Here, the injury of which is the
12   basis of Plaintiffs complaint is the termination. Thus, the limitations period began
13   when Defendants (all of them) acted in concert and terminated Plaintiff—April 15,
14   2008. See *Chapman v. Homco* (5th Cir. 1989) 886 F.2d 756, 758.

15   Plaintiff did not know that he would sustain the injury- termination- before
16   the date of his termination. Moreover, after his termination on April 15, 2008,
17   Plaintiff submitted tort claims. Therefore, Plaintiff knew or had reason to know of
18   his injury at the *earliest*—April 15, 2008, the date he was terminated. Thus,
19   Plaintiff brought his lawsuit against the individual defendants on March 25, 2010
20   and served them on March 30, 2010- within the two-year statute of limitations.

21   As for Defendant, Craig Sperry, despite Plaintiff recitation of the factual
22   history that Plaintiff has with Sperry, Plaintiffs statute of limitations did not begin
23   to toll against Sperry until the date of Plaintiffs injury- his termination on April
24   2008. As for Defendant, Marty Penny, despite Plaintiff recitation of the factual
25   history that Plaintiff has with Penny, Plaintiffs statute of limitations did not begin
26   to toll against Penny until the date of Plaintiffs injury- his termination on April
27   2008. As for Defendant, Santos Hernandez, despite Plaintiff recitation of the
28   factual history that Plaintiff has with Hernandez, Plaintiffs statute of limitations did

1   not begin to toll against him until the date of Plaintiffs injury- his termination on

2   April 2008.

3       As for Defendant Robert Roach, despite Plaintiff recitation of the factual

4   history that Plaintiff has with Roach, Plaintiffs statute of limitations did not begin

5   to toll against Roach until the date of Plaintiffs injury- his termination on April

6   2008. As for Defendant Schuster, despite Plaintiff recitation of the factual history

7   that Plaintiff has with Schuster, Plaintiffs statute of limitations did not begin to toll

8   against him until the date of Plaintiffs injury- his termination on April 2008. As for

9   Weldon, despite Plaintiff recitation of the factual history that Plaintiff has with

10  Chief of Police Weldon, Plaintiffs statute of limitations did not begin to toll against

11  him until the date of Plaintiffs injury- his termination on April 2008. As for Tom

12  Armstrong, the statute of limitations did not begin to toll until April 2008;

13  however; Plaintiffs recitation of factual encounters with Armstrong fall within the

14  statute of limitation since his discriminatory conduct and remarks took place on

15  March 26, 2008.

16      Even though Plaintiff can demonstrate that all of the actions complained of

17  in his Complaint are well-within the statute of limitations, the fact that dates

18  alleged in the Complaint are beyond the statutory period is not enough to support a

19  Rule 12(b) (6) dismissal. Therefore, Plaintiff respectfully requests that Defendants

20  Motion to Dismiss be dismissed.

21      **C. PLAINTIFF HAS SATISFIED THE PLEADING REQUIREMENT**

22      **PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 8.**

23      Plaintiff's Complaint is sufficiently specific to apprise Defendants of the

24  substance of the claims asserted. "A pleading that states a claim for relief must

25  contain . . . a short and plain statement of the claim showing that the pleader is

26  entitled to relief." Fed. R. Civ. P. 8.  Defendants seek to have the Court require

27  Plaintiff to spell out each and every possible detail of his claims in the pleading

28  stage of this litigation. This is inappropriate and unnecessary. Plaintiff's statement

1 | of facts and separately pled causes of action are sufficient pursuant to the
2 | requirements of Rule 8.
3 |
4 | ### IV.   **CONCLUSION**
5 |     For all the reasons discussed above, Plaintiff requests that the Court deny
6 | Defendants' Motion to Dismiss in toto.  However, if the Court is inclined to grant
7 | any part of Defendants' motion, Plaintiff respectfully requests an opportunity to
8 | amend his Complaint.
9 |
10 |
11 | Dated: June 7, 2010          Respectfully Submitted,
12 |                LACKIE, DAMMEIER & MCGILL APC
13 |
14 | By: _____
15 | Michael A. McGill, Esq.
16 | Carolina Veronica Diaz, Esq.
   | *Attorneys For Plaintiff, Michael Providente*

8